UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:17-cr-37-T-33AEP

DAVID LYNCH

### UNITED STATES' REPLY IN OPPOSITION TO MOTION FOR RECONSIDERATION OF RELEASE

The United States hereby opposes the Defendant's Motion for Reconsideration of Release (Doc. 13). Defendant David Lynch is a collector and producer of child pornography with significant ties to the Philippines. Because Lynch's conduct makes him a danger to the community and he poses a significant risk of flight, this Court should deny his motion.

### BACKGROUND

The grand jury has indicted David Lynch for receipt and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B). These charges stem from his receipt and possession of child pornography between October 2014 and December 2016. The child pornography depicts minors who appear to be in the Philippines. Lynch received child pornography via his Yahoo! email account, expressed his sexual interest in

minors, and he also appeared to discuss traveling to the Philippines to engage in sexual activity.

On December 29, 2016, Magistrate Judge Julie S. Sneed issued a complaint charging Lynch with receipt and possession of child pornography. The next day, federal officers arrested Lynch at the San Francisco, California airport, as he was boarding a flight to the Philippines. Officers found numerous small bags of candy, multiple packages of an erectile dysfunction drug, and vibrators in Lynch's bag, indicating his interest in engaging in sexual activity in the Philippines.

*Post-Miranda,* Lynch admitted strong ties to the Philippines, but he denied any connection to the Yahoo! email account. During the recorded interview, however, he was visibly nervous, breathing heavily, and severely shaking. When officers inquired further and showed him photographs of children in the Philippines, he terminated the interview.

Later that same day, the defendant appeared for a detention hearing before a magistrate judge in the Northern District of California, in Case No. 3:16-mj-71706-MAG, who ordered Lynch detained pending further proceedings. On January 3, 2017 and January 4, 2017, further proceedings were held before another magistrate judge in the Northern District of California. On January 6, 2017, that judge issued an order detaining the

defendant pending trial. (N.D.Cal. Doc. 7).

On January 26, 2017, a federal grand jury indicted the defendant for receipt and possession of child pornography.

On February 17, 2017, the defendant made his initial appearance on the charges in the Middle District of Florida and was ordered detained pending trial. (Doc. 11).

## MEMORANDUM OF LAW

Lynch's continued detention is warranted because he is a danger to the community and he poses a risk of flight.

Pursuant to Section 3142, detention of a criminal defendant is appropriate when the Government establishes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In this regard, "a finding of either danger to the community *or* risk of flight . . . [is deemed] sufficient to detain the defendant pending trial." *United States v. King,* 849 F.2d 485, 488 (11th Cir. 1988).

Based on the child-pornography charges against Lynch, there is a rebuttable statutory presumption in favor of detention. 18 U.S.C. § 3142(e)(3). Lynch cannot rebut this presumption. Therefore, he should not

3

be released, both because he poses a risk of flight and is a danger to the community.

### A.    Lynch is a Significant Flight Risk

The totality of the evidence here demonstrates that no conditions of release will reasonably assure Lynch's appearance in this case.

The defendant has significant ties to the Philippines. The defendant has three children in the Philippines and currently or previously had sexual relationships with several women in the country, and he also owns at least two properties there. Lynch admitted to law-enforcement officers that he travels to the Philippines regularly (approximately every four months) and has done so for approximately ten years. Review of the defendant's travel records confirm that he made approximately ten trips to the Philippines between September 2013 and September 2016. Further, Lynch stated that he keeps his belongings at a hotel there. Given Lynch's strong ties to the Philippines and the evidence against him, a bond secured by his residence is wholly insufficient to rebut the concerns about the defendant's risk of flight.

Indeed, Lynch's ties to the Philippines are stronger than his ties to the Middle District of Florida. Although the defendant has a residence in the District, his only known family here is his ex-wife's family. Moreover, his business is Internet-based and thus not tied to the Middle District.

4

And, even without his strong ties elsewhere, Lynch has a significant incentive to flee the Middle District of Florida. He is facing a mandatory-minimum sentence of five years' and a maximum sentence of twenty years' imprisonment on the child-pornography receipt count. Under the Sentencing Guidelines, Lynch is likely facing a sentencing range of 151-188 months if convicted of the two offenses. That penalty alone provides a serious incentive to flee. In addition, as explained below, the possibility exists that Lynch will face even more serious charges with more severe penalties.

### B.     Lynch is a Danger to the Community

The defendant is charged with serious crimes – receipt and possession of child pornography. As the Eleventh Circuit has held, "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras,* 575 F.3d 1191, 1220 (11th Cir. 2009). Moreover, "child sex offenders have appalling rates of recidivism." *United States v. Pugh,* 515 F.3d 1179, 1201 (11th Cir. 2008).

As detailed in the criminal complaint, between November 11, 2015 and June 6, 2016, the defendant received at least 20 images of child pornography via email and possessed child pornography in his Yahoo! account. Additional review of the email account demonstrates that this conduct continued through December 2016; Lynch received at least nine

5

child pornography images in December alone. In online chats, Lynch discussed – often in graphic detail – his sexual interest in minors and his interest in traveling to the Philippines to engage in sexual activity. He repeatedly discussed paying for child pornography photographs of minors whom he identified by name. On one occasion (July 15, 2015), the evidence shows that Lynch discussed paying an individual in the Philippines for pictures via a Western Union transfer and that he did in fact make that payment. Investigation has revealed numerous additional Western Union transfers to the same individual.

Pursuant to a search of Lynch's residence, FBI agents found, in Lynch's bedroom, a Lenovo laptop, a Western Digital hard drive, numerous DVDs and cassette tapes containing child pornography. The laptop also contained evidence detailing Lynch's connection to the Yahoo! account.

Beyond the charged crimes, evidence also suggests that the defendant produced child pornography videos of himself engaged in sexual activity with children in the Philippines. Review of DVDs seized from Lynch's residence revealed multiple production videos that appear to have been created by the defendant between 2005 and 2007. Six of these videos depict the same young female victim, who appears to be under 14 years or age, on

multiple dates between 2005 and 2006. In the videos, the minor-victim

performs oral sex on the defendant, and he performs oral sex on her and

ejaculates on her. *The defendant is visible, including by face, in the videos.* Based

on this production conduct, the defendant may be facing charges under 18

U.SC. § 2251, which would also subject him to a 15-year mandatory

minimum sentence.

Releasing the defendant from jail – particularly with the defendant's

suggested conditions that would allow continued access to the Internet –

runs the risk of allowing him to continue his criminal conduct. As another

district court noted,

> It is not possible to formulate conditions of release which would completely deprive . . . a defendant of the ability to possess or attempt to possess additional child pornography, "or to communicate and interact with (via email, internet, or phone) others involved in the possession, sale, and distribution of child pornography, or other sexual abuse of children, which would also create a clear danger by facilitating the criminal and dangerous exploitation of children by other individuals."

*United States v. Falcon,* No. 06-60080, 2007 U.S. Dist. LEXIS 44358 at *15-

16; *see also, e.g., United States v. Reiner,* 468 F.Supp.2d 393, 399 (E.D.N.Y.

2006) (recognizing in a child-pornography case that, "In this day and age,

with devices such as cellphones, Blackberries, and laptops, there are no

conditions which can reasonably assure the safety of the community . . . if

the defendant is released on bail."); *United States v. Brown,* 2008 WL

2098070, *5 (S.D. Ohio May 16, 2008) (same).

Here, that concern that Lynch might commit additional criminal conduct is heightened due to his apparent direct connection to children and persons with access to child pornography. This defendant is not the typical defendant facing child pornography charges who accesses child pornography from unknown persons online. This defendant has ties to children, and to persons with access to children, in the Philippines. The evidence also shows that he is willing to pay and has paid for child pornography. This magnifies the danger he poses.

## CONCLUSION

For all of the foregoing reasons, the United States moves the Court to deny the defendant's motion for reconsideration.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:    */s/ Jennifer L. Peresie*
       JENNIFER L. PERESIE
       Assistant United States Attorney
       United States Attorney No. 120
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone:   (813) 274-6000
       Facsimile:    (813) 274-6103
       E-mail:   jennifer.peresie@usdoj.gov

**U.S. v. David Lynch**                     **Case No. 8:17-cr-37-T-33AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to the following:

Kathleen Sweeney, AFPD


*/s/ Jennifer L. Peresie*
JENNIFER L. PERESIE
Assistant United States Attorney
United States Attorney No. 120
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6103
E-mail:   jennifer.peresie@usdoj.gov

*T:\_Cases\Criminal Cases\L\LYNCH, David_2016R01744_JLP\p_Government's Reply in Opposition to Motion of Release.docx*