FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2017 AUG -2 PM 5:52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.                              CASE NO. 8:17-cr-37-T-33AEP
                                          18 U.S.C. § 2251(a)
DAVID PAUL LYNCH                          18 U.S.C. § 2252(a)(2)
                                          18 U.S.C. § 2252(a)(4)(B)
                                          18 U.S.C. § 2423(b)

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

In or about June 2005, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

did use and persuade and attempt to use and persuade a minor, "Liza," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, a video titled "Liza.avi," knowing and having reason to know that such visual depiction would be transported in interstate and foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO

In or about June 2005, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

did use and persuade and attempt to use and persuade a minor, "Liza," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, an image titled "DCP_2340," knowing and having reason to know that such visual depiction would be transported in interstate and foreign commerce, and the visual depiction was actually transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

In or about June 2005, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

did use and persuade and attempt to use and persuade a minor, "Liza," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, an image titled "DCP_2341," knowing and having reason to know that such visual depiction would be transported in

interstate and foreign commerce, and the visual depiction was actually transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

In or about June 2005, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

did use and persuade and attempt to use and persuade a minor, "Liza," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, an image titled "DCP_2342," knowing and having reason to know that such visual depiction would be transported in interstate and foreign commerce, and the visual depiction was actually transported in interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE

In or about December 2006, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

a United States citizen, knowingly travelled in foreign commerce, from the Middle District of Florida, to the Philippines, for the purpose of engaging in illicit sexual conduct with another person.

In violation of 18 U.S.C. § 2423(b).

## COUNT SIX

In or about December 2006, in the Middle District of Florida, and elsewhere, the defendant,

## DAVID PAUL LYNCH,

did use and persuade and attempt to use and persuade a minor, "Erica," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, one video, knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, and the visual depiction was actually transported in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT SEVEN

In or about December 2006, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

did use and persuade and attempt to use and persuade a minor, "Erica," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, an image titled "DCP_3638," knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and the visual depiction was actually transported in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT EIGHT

In or about August 2007, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

did use and persuade and attempt to use and persuade a minor, "Rica," to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, an image titled "IMGP0231," knowing and having reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce, and the visual depiction was actually transported in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT NINE

Between on or about November 11, 2015, and on or about December 6, 2016, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT TEN

Between in or about June 2005, and on or about December 30, 2016, in the Middle District of Florida, and elsewhere, the defendant,

DAVID PAUL LYNCH

did knowingly possess a matter which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## **FORFEITURE**

1.  The allegations contained in Counts One through Ten of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2.  Upon conviction of the violations of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2251 charged in Counts One, Two, Three, Four, Six, Seven, Eight, Nine, and Ten the defendant, DAVID PAUL LYNCH, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

    a.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter:

    b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. Upon conviction of a violation of 18 U.S.C. § 2423 charged in Count Five, the defendant, DAVID PAUL LYNCH, shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

4. The property to be forfeited includes, but is not limited to, the following:

    a. Lenovo laptop, Model B50-45, serial number CB34499179;

    b. Western Digital hard drive, serial number WXU1E83SUFX7;

    c. Western Digital hard drive, serial number WCAMA3068467;

    d. Dell laptop, WM3A2915ABG;

    e. Samsung hard drive, S2R9JXOF701445;

    f. Dell Optiplex 320 desktop, service tag 8ZNP8C1;

    g. Three InfoDisc DVDs;

    h. Three TDK DVDs;

    i. Phillips DVD; and

    j. The real property located at 705 El Dorado Drive, Venice, Florida 34285, which is legally described as follows:

        Lot 13, Laguna Park, as per plat thereof recorded in Plat Book 8, Page 63, Public Records of Sarasota County, Florida, together with the following described parcel: Begin at the

>Southeast corner of Lot 13, Laguna Park; thence North 113 feet; thence East 10 feet; thence South 113 feet; to the Point of Beginning.

5. If any of the property described above, as a result of any act or omission of the defendant:

>a. cannot be located upon the exercise of due diligence;
>
>b. has been transferred or sold to, or deposited with, a third person;
>
>c. has been placed beyond the jurisdiction of the Court;
>
>d. has been substantially diminished in value; or
>
>e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be titled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A TRUE BILL,

*[signature]*
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: *[signature]*
Jennifer L. Peresie
Assistant United States Attorney

By: *[signature]*
Stacie B. Harris
Assistant United States Attorney
Chief, Major Crimes Section

FORM OBD-34
APR 1991

No. 8:17-cr-37-T-33AEP

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

DAVID PAUL LYNCH

SECOND SUPERSEDING INDICTMENT

Violations:

Title 18, United States Code, Section 2251(a)
Title 18, United States Code, Section 2252(a)(2)
Title 18, United States Code, Section 2252(a)(4)(B)
Title 18, United States Code, Section 2423(b)

A true bill,

_____
Foreperson

Filed in open court this 2nd day

of August 2017.

_____
Clerk

Bail $ _____

FILED

2017 AUG -2  PM 5: 52
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA