UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           Case No. 8:17-cr-37-T-33AEP

DAVID PAUL LYNCH

**UNITED STATES' AMENDED
MEMORANDUM OF LAW REGARDING FORFEITURE**

The United States of America submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that defendant David Lynch is convicted of any or all of Counts One through Twelve of the Third Superseding Indictment, this memorandum outlines the procedure governing the forfeiture of the specific assets sought in this case, should the defendant request a jury determination on the forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5).[1]

**MEMORANDUM OF LAW**

**I.   Applicable Statutes**

The defendant was charged in a Third Superseding Indictment with (1) eight counts of producing and attempting to produce child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), (2) two counts of travelling in foreign

---

[1] This memorandum is being filed in conjunction with the United States' proposed special verdict form and forfeiture instructions.

commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b), (3) receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and (4) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  Should the defendant be convicted of any or all of these counts, the United States will seek forfeiture of the following assets which were (1) used or intended to be used to commit or to promote the commission of the child pornography offenses or is property traceable to such property, as charged in Counts One through Five, Seven through Ten, and Twelve, or (2) used or intended to be used to commit or to facilitate the commission of travelling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person, as charged in Counts Six and Eleven:

      a.    Lenovo laptop, Model B50-45, serial number CB34499179;

      b.    Western Digital hard drive, serial number WXU1E83SUFX7;

      c.    Western Digital hard drive, serial number WCAMA3068467;

      d.    Dell laptop, WM3A2915ABG;

      e.    Samsung hard drive, S2R9JXOF701445;

      f.    Dell Optiplex 320 desktop, service tag 8ZNP8C1;

      g.    Three InfoDisc CDs;

      h.      Three TDK CDs;

      i.      Memorex CD;

      j.      CompUSA CD;

      k.      Phillips DVD; and

      l.      The real property located at 705 El Dorado Drive, Venice, Florida 34285, which is legally described as follows:

> Lot 13, Laguna Park, as per plat thereof recorded in Plat Book 8, Page 63, Public Records of Sarasota County, Florida, together with the following described parcel: Begin at the Southeast corner of Lot 13, Laguna Park; thence North 113 feet; thence East 10 feet; thence South 113 feet; to the Point of Beginning.

In sentencing a person convicted of (1) producing and attempting to produce child pornography (18 U.S.C. §§ 2251(a) and (e)), (2) receipt of child pornography (18 U.S.C. §§ 2252(a)(2) and (b)(1)), and (3) possession of child pornography (18 U.S.C. § 2252(a)(4)(B) and (b)(2)), the Court's authority to forfeit specific property is found in 18 U.S.C. § 2253, which provides for the forfeit of any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

In addition, in sentencing a person convicted of travelling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person (18 U.S.C. § 2423(b)), the Court's authority to forfeit specific property is

3

found in 18 U.S.C. § 2428, which provides for the forfeiture of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense.

## II. Forfeiture Proceeding

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[2]

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property

---

[2] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

subject to forfeiture, <u>prior to the jury's commencement of deliberations regarding guilt</u>, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a guilty verdict.   Therefore, the United States requests that the Court ask the defendant, prior to the commencement of jury deliberations, if not sooner, whether he will seek a forfeiture jury determination.   *See* Rule 32.2(b)(5)(A).   The United States will not request a jury determination.

At any party's timely request, the jury may be charged to make a determination as to whether the United States has established the requisite nexus between the specific property it alleges is subject to forfeiture and the violation(s) charged in the count(s) of conviction.   *See* Rule 32.2(b)(5).

It is not necessary for the jury to determine the extent of the defendant's interest in the property, as that issue is decided in an ancillary proceeding, if necessary.   It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offense(s) for which the defendant was found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence.   *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture

under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture. *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid"). This is so because, as the United States Court of Appeals for the Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range." *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not change the preponderance standard established in *Libretti*). The United States Court of Appeals for the Eleventh Circuit has held that the preponderance standard applies to forfeiture proceedings and that forfeiture proceedings are outside the *Apprendi* analysis. *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

Even where the jury right is invoked with regard to forfeiture of property, ultimately it is the Court that orders the forfeiture. Thus, if a defendant seeks a jury determination on the specific property to be forfeited, the jury would be required to answer questions that would allow the Court to enter the order of forfeiture. *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste,* 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Here, the portion of the Indictment entitled "Forfeiture" merely provides the defendant with the required statutory notice that the United States seeks to forfeit his property in accordance with the applicable statute. *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*. For the reasons stated above, the portion of the Indictment

entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided.   Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

    Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

    Should the defendant request a jury determination on the forfeiture of the specific assets, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed jury instructions and special verdict form, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

## III.  Conclusion

    Should the defendant timely request a jury determination on the forfeiture of the specific asset, pursuant to Rule 32.2(b)(5), the United States requests that the Court:

(1)   instruct the jury on the issue of forfeiture only *after* the jury has returned a guilty verdict on any or all of Counts One through Twelve of the Third Superseding Indictment;

(2)   allow jury instructions regarding property subject to forfeiture and burden of proof;

(3)   allow bifurcated argument on the forfeiture issue; and

(4)   provide the jury with the special verdict form as proposed by the United States.

                                  Respectfully Submitted,

                                  W. STEPHEN MULDROW
                                  Acting United States Attorney

By:   *s/James A. Muench*
        JAMES A. MUENCH
        Assistant United States Attorney
        Florida Bar Number 472867
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        (813) 274-6000 – telephone
        E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
