UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO. 8:17-cr-37-T-33AEP

v.

DAVID PAUL LYNCH

### UNITED STATES OF AMERICA'S TRIAL MEMORANDUM

The United States of America hereby submits the following trial memorandum to apprise the Court and defense counsel of the evidence anticipated on the production of child pornography charges.

### Memorandum

At trial, the United States anticipates that the evidence will show that, on multiple occasions, between 2005 and 2016, the defendant travelled to the Philippines to produce child pornography and to engage in sex acts with children. Based on this conduct, the defendant is charged with eight total counts of production and attempted production of child pornography. (Doc. 58). The child victims listed in the indictment have not yet been located. The evidence introduced at trial will consist primarily of 1) images and videos of children (including child pornography); 2) chats and text messages involving the charged victims as well as the defendant's attempts to facilitate his child sex tourism in the Philippines and his possession, receipt, and production of

child pornography; and 3) photographs of evidence recovered from the defendant.

As the Court is aware, mistake of age is not a defense to production of child pornography. *See United States v. Deverso*, 518 F.3d 1250, 1257-58 (11th Cir. 2008) (holding that the defendant was not entitled to a mistake of age defense jury instruction because knowledge of age is not an element of Section 2251). Accordingly, ordinarily in a production case "evidence relating to [the defendant's] perception of the victim's age [is] irrelevant." *United States v. Riquene*, 522 Fed. Appx. 940, 944 (11th Cir. 2014).

Attempted production is different, however, because that crime involves the defendant's *intent* to use and persuade a child to produce child pornography and his taking of a substantial step to do that. A defendant can be guilty of attempted production even if the persons in the visual depictions are not actually real children. *See United States v. Lee*, 603 F.3d at 904, 913 (11th Cir. 2010) (holding that the defendant could be convicted under Section 2251 for "attempting to use a fictitious minor to produce child pornography"); *see also United States v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008) (affirming a conviction for attempted production of child pornography based on evidence that the defendant "believed that the undercover profile was a minor"). Accordingly, given the charges in this case, evidence related to the defendant's

perception of the victims' ages is relevant.

In order to show that the defendant produced child pornography and that he intended to produce child pornography, the United States will submit evidence in the form of texts and chat messages related to the defendant's knowledge of the child-victims' ages and his intent to use children to produce child pornography. This evidence is evidence both of the actual ages of the charged victims and of the defendant's belief that the charged victims were children.

        Respectfully submitted,

        W. STEPHEN MULDROW
        Acting United States Attorney


By:   */s/ Jennifer L. Peresie*
      Jennifer L. Peresie
      Assistant United States Attorney
      United States Attorney No. 120
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602-4798
      Telephone:  (813) 274-6000
      Facsimile:  (813) 274-6358
      E-mail:  jennifer.peresie@usdoj.gov

U.S. V. DAVID PAUL LYNCH          Case No. 8:17-cr-37-T-33AEP

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mark J. O'Brien, Esq.

By: */s/ Jennifer L. Peresie*
Jennifer L. Peresie
Assistant United States Attorney
United States Attorney No. 120
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: jennifer.peresie@usdoj.gov