UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No.: 8:17-CR-37-VMC-AEP |
| : | |
| DAVID PAUL LYNCH : | |
| _____: | |

**DEFENDANT DAVID PAUL LYNCH'S
SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, DAVID PAUL LYNCH, and files this his sentencing memorandum and in support states as follows:

I.   SENTENCING POSITION

At sentencing in the above styled case, the issue before this Honorable Court is whether the Defendant should receive a federal prison sentence within the advisory federal sentencing guideline range of 3,960 months (with a fifteen-year minimum mandatory penalty). Given the totality of the circumstances, including but not limited to the mitigating facts of his life, the Defendant respectfully submits that a sentence that is within the federal sentencing guideline imprisonment range is unreasonable and thus greater than necessary to comply with the purposes of set forth in paragraph two of Title 18 United States Code Section 3553(a).

II.  PRESENTENCE INVESTIGATION REPORT

Undersigned counsel has no objection to the factual accuracy of the presentence investigation report.

Undersigned counsel has no objection to the legal accuracy of the presentence investigation report.

III.     DOWNWARD VARIANCE ANALYSIS

Undersigned counsel is fully aware this Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines pursuant to *United States v. Booker*, 543 U.S. 220, 245-67 (2005), *Rita v. United States*, 127 S.Ct. 2456 (2007), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and *Gall v. United States*, 552 U.S. 38, 53 (2007). As such, there will not be an in-depth analysis of this relevant law in this memorandum. Undersigned counsel is also fully aware this Honorable Court will read the presentence investigation report prior to the Defendant's sentencing and will not simply regurgitate the information contained within it in this memorandum in the form of the ultimate sentencing request. Undersigned counsel will however highlight several facts from the presentence investigation report and in turn make legal arguments relevant to imposing a just sentence.

To arrive at a sentence that is sufficient but not greater than necessary and to comply with the purposes set forth in paragraph two of Title 18 United States Code Section 3553(a), the Defendant understands the Court will first calculate the Defendant's guideline sentence, next consider any departures based on the criteria set forth in the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and, finally, consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), after considering the factors set forth in 18 United States Code Section 3553(a).

Therefore, the issue is whether a sentence within the advisory federal sentencing guideline range of 3,960 months is sufficient but not greater than necessary to comply with the law. The Defendant believes it is not.

*Constitutional Right to Trial*

The Defendant exercised his constitutional right to a jury trial. The Defendant did not testify. The Defendant did not obstruct justice. The Defendant simply elected to do what he is constitutionally permitted to do. As a result of losing at trial however, the Defendant is not entitled to a three-level downward departure for acceptance of responsibility reduction pursuant to United States Sentencing Guideline Section 3E1.1.

Losing the above discussed three-level downward reduction must be the sole punishment the Defendant faces for proceeding to trial and losing. The government shall not nor shall this court punish the Defendant for exercising a constitutional right.

*Forensic Mental Health Evaluation*

Doctor Valerie McClain conducted forensic mental health interviews of the Defendant on December 6, 2017, January 16, 2018 and February 5, 2018.[1] Enclosed as Exhibit A please find her forensic mental health evaluation.

Prior to her interviews, undersigned counsel provided the indictment and superseding indictments, discovery (sans the child pornography), and presentence investigation report to Doctor McClain. Through her interviews, Doctor McClain learned the Defendant suffered from significant medical issues, including but not limited to hypertension, high cholesterol, allergic rhinitis and tendonitis in his shoulder. The Defendant advised he is currently prescribed Simvastatin, Amlodipine, Bisoprolol and Spirolactone. Doctor McClain learned the Defendant was prescribed Xanax by his primary doctor for anxiety in 2005 when his mother became very ill. He reported his doctor also prescribed an anti-depressant briefly which he discontinued due to side effects. The Defendant currently takes Prozac. Doctor McClain learned the Defendant began

---

[1] It is expected Doctor McClain will conduct one additional forensic interview before sentencing but it is not expected to change her current expert opinion. Should it change her expert opinion, undersigned counsel will file an addendum to this sentencing memorandum.

using alcohol at thirteen years old and graduated to daily use during the last ten years leading up to his arrest, effectively making him a functioning alcoholic.

Doctor McClain learned the Defendant was born in Washington, D.C. and raised in Rockville, Maryland before moving to Venice, Florida in 1979 during his freshman year in high school. The Defendant subsequently returned to Maryland in 1986 and remained there until he returned to Sarasota, Florida until 1990 when he relocated to Venice, Florida. The Defendant's father was retired military and passed away in 1986 from a heart attack. The Defendant's mother died in 2006 at age eighty from cancer. The Defendant was close to his mother and assisted in her care when she became very ill in 2005, just prior to her death. The Defendant has five brothers. His relationship with his brothers became difficult following the death of his mother. when he became the executor of her estate.  He denied any history of physical or sexual.  He Doctor McClain learned of the Defendant's family history of mental illness, especially in his older brother, who has been hospitalized for mental health issues.

Doctor McClain has diagnosed the Defendant as suffering from unspecified depressive disorder, pedophilic disorder and alcohol use disorder. Doctor McClain noted the Defendant's mitigating factors include a history of mental health and substance abuse problems. Further, Doctor McClain noted the Defendant has had limited treatment for his mental health issues and substance abuse issues. During the course of Doctor McClain's three visits, she directly addressed the Defendant's behavioral issues and cognitive issues that led to his present offenses. Doctor McClain stated the Defendant acknowledged a discrepant view of American children as compared to the victims in the present case, in which the cultural belief system focused on normalizing the exploitation of child victims. The Defendant lived dual lives. While in the United States he lived a life of quiet desolation. He neither greatly succeeded nor greatly failed in his professional life or in his personal life. He simply maintained. Isolated, depressed and

divorced, he drank every day until he was drunk and pass out. Yet when the Defendant traveled to the Philippines he felt alive. He *was* somebody. While the government will point to his criminal conduct as the sole reason for his trips to the Philippines, they will be wrong. The Defendant fathered two children with adult women and supported their extended families financially for the better part of a decade. Engaging in criminal conduct was not the sole purpose of his overseas trips, though it was a part. The government seized thousands of videos and pictures from the Defendant's collections. It is notable only a few contained child pornography. The remaining videos and pictures were typical tourist videos or simply videos and pictures of his Philipino family.

The government correctly surmised at trial that the Defendant looked at a minor Philipino female differently than a non-Philipino female. In the Philippines, prostitution is rampant and an unofficial tourism industry. The Defendant started with adult prostitutes and then began using minor prostitutes. In his mind, because it was so accepted in the Philippines, the Defendant was lured into justifying his behavior. This is wrong. No question. Justifying behavior is never an exculpating factor in the legal system. Doctor McClain confronted the Defendant with his warped belief system that led to his criminal convictions in the instant case. The Defendant was able to understand the implications for his Philipino victims and the impact his actions had on their young lives. The Defendant acknowledged responsibility for his criminal actions and understands the need to address the errors in his belief system which led to them.

To this end, Doctor McClain opined the Defendant is amenable to treatment focused on addressing his sexual offenses. The Defendant has never harmed a minor in the United States. He never would. The Defendant harmed a minor(s) in the Philippines. However, with appropriate mental health treatment, the Defendant can learn this behavior is wrong, just as it is in the United States. Given his age and the unlikelihood the Defendant will ever travel to the Philippines again,

the Defendant does not need to die in a federal prison. A sentence of twenty years is sufficient but greater than necessary to protect the public and provide adequate deterrence.

IV.     REQUESTS FOR JUDICIAL RECOMMENDATIONS

The Defendant understands that judicial recommendations are just that – mere recommendations. There is no guarantee that a judicial recommendation will result in action. However, relevant law and prison policy state more weight is given to a judicial recommendation if there is a factual basis on the record for the judicial recommendation.[2]

The Defendant respectfully requests a recommended designation of a federal prison as close as possible to the Washington, D.C area. As a factual basis for this recommendation, the Defendant's family and friends all reside in the Washington, D.C area. The love and support resulting from the Defendant's family and friends being able to visit the Defendant while he is in custody will allow him a greater chance of positive matriculation through the prison system.

The Defendant requests participation in the 500 Hour Residential Drug Abuse Program (RDAP). As a factual basis for this recommendation, there is ample evidence of the Defendant's struggles with drug and alcohol addiction on pages eighteen, paragraphs one hundred nineteen through one hundred twenty-four of his presentence investigation report.

---

[2] The Bureau of Prisons welcomes judicial recommendations and, by statute and its own policy, is required to consider them. *See* 18 U.S.C. Section 3621 and Program Statement 5100.08, "Inmate Security Designation and Custody Classification". Pursuant to the above statute, the Bureau of Prisons is required to consider the type of offense, the length of sentence, the defendant's age, the defendant's release residence, the need for medical or other special treatment, any placement recommendation made by the court, and all guidance issued by the United States Sentencing Guidelines. Therefore, while the Bureau of Prisons has the sole authority to designate the place of confinement for federal prisoners, if a defendant's judgment and conviction indicates the district court's preference for housing the inmate within a specific institution, geographic area, or specialized program, it must be considered and every effort will be made to fulfill the district court's recommendation request should there be reasons on the record to support the request.

## **CONCLUSION**

WHEREFORE, the Defendant, DAVID PAUL LYNCH, by and through his undersigned counsel respectfully requests this Honorable Court will grant the requested relief/and or any other relief deemed necessary.

Respectfully submitted,

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Suite 330
Tampa, Florida 33606
Direct:    (813) 228-6989
Email: mjo@markjobrien.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY on February 9, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

                                                       By: /s/ Mark J. O'Brien