UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

DAVID PAUL LYNCH

Case Number: 8:17-cr-37-T-33AEP
USM Number: 23969-111

Mark J. O'Brien, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Third Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | June, 2005 | One |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | June, 2005 | Two |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | June, 2005 | Three |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | June, 2005 | Four |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | June, 2005 | Five |
| 18 U.S.C. § 2423(b) | Traveling in Foreign Commerce to Engage in Illicit Sexual Conduct | December 2006 | Six |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | December 2006 | Seven |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | December 2006 | Eight |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | August 2007 | Nine |
| 18 U.S.C. §§ 2252 (a)(2) | Receipt of Child Pornography | December 6, 2016 | Ten |
| 18 U.S.C. §§ 2423 (b) | Attempting to Travel in Foreign Commerce to Engage in Illicit Sexual Conduct | December 2016 | Eleven |
| 18 U.S.C. §§ 2252 (a)(4)(B) | Possession of Child Pornography | December 30, 2016 | Twelve |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The original, First Superseding, and Second Superseding Indictments are dismissed on motion by the Government.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

David Paul Lynch
8:17-cr-37-T-33AEP

Date of Imposition of Judgment: February 22, 2018

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

~~February~~ March ___1___, 2018

David Paul Lynch
8:17-cr-37-T-33AEP

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THREE THOUSAND, NINE HUNDRED SIXTY (3,960) MONTHS. This consists of terms of 360 months on each of Counts One through Nine, and Eleven; 240 months on Count Ten, and 120 months on Count Twelve. Counts Two through Twelve are to run consecutively to each other and to Count One.**

The Court recommends to the Bureau of Prisons:
1. That the defendant be confined at a facility in Washington, D.C. or the mid-Atlantic area; and
2. That defendant not be housed in a penitentiary.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

David Paul Lynch
8:17-cr-37-T-33AEP

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **FIFTEEN (15) YEARS. This term consists of a 15-year term as to Counts One through Twelve, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

David Paul Lynch
8:17-cr-37-T-33AEP

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____     Date:_____

David Paul Lynch
8:17-cr-37-T-33AEP

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.
2. You shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by the probation officer.
3. The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.
4. You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.
5. You are prohibited from possessing, subscribing to, or viewing, any images, video, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.
6. Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.
7. You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

David Paul Lynch
8:17-cr-37-T-33AEP

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|        | Assessment  | Fine   | Restitution |
|--------|-------------|--------|-------------|
| TOTALS | $1,200.00   | Waived | N/A         |

## SCHEDULE OF PAYMENTS

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture. **[SEE PRELIMINARY ORDER OF FORFEITURE ATTACHED.]**

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 8:17-cr-37-T-33AEP

DAVID PAUL LYNCH

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the United States of America's Motion for a Preliminary Order of Forfeiture for the following:

  a. Lenovo laptop, Model B50-45, serial number CB34499179;

  b. Western Digital hard drive, serial number WXU1E83SUFX7;

  c. Western Digital hard drive, serial number WCAMA3068467;

  d. Dell laptop, WM3A2915ABG;

  e. Samsung hard drive, S2R9JXOF701445;

  f. Dell Optiplex 320 desktop, service tag 8ZNP8C1;

  g. Three InfoDisc CDs;

  h. Three TDK CDs;

  i. Memorex CD;

  j. CompUSA CD;

  k. Phillips DVD;

    l.    cassette tape; and

    m.    The real property located at 705 El Dorado Drive, Venice, Florida 34285, which is legally described as follows:

    Lot 13, Laguna Park, as per plat thereof recorded in Plat Book 8, Page 63, Public Records of Sarasota County, Florida, together with the following described parcel: Begin at the Southeast corner of Lot 13, Laguna Park; thence North 113 feet; thence East 10 feet; thence South 113 feet; to the Point of Beginning.

Being fully advised of the relevant facts, the Court finds that based on the facts proven at trial and the jury's finding the defendant guilty on all counts, the property identified above was (1) used or intended to be used to commit or to promote the commission of the child pornography offenses or is property traceable to such property, as charged in Counts One through Five, Seven through Ten, and Twelve, or (2) used or intended to be used to commit or to facilitate the commission of travelling in foreign commerce for the purpose of engaging in illicit sexual conduct with another person, as charged in Counts Six and Eleven.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 2253 and 2428, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the

assets identified above are hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, this order shall become a final order of forfeiture as to the defendant at sentencing.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

DONE and ORDERED in Tampa, Florida, this 26th day of October, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
James A. Muench, AUSA
Counsel of Record